UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| **COREY WALTON,** | |
| Petitioner, | |
| v. | No. 2:18 CV 448 |
| **WARDEN,** | |
| Respondent. | |

## OPINION and ORDER

Corey Walton, a prisoner without a lawyer, filed a habeas corpus petition under 28 U.S.C. § 2254 to challenge his convictions for attempted murder, attempted robbery, and battery under Case No. 45A03-1409-CR-320. Following a trial, on August 6, 2014, the Lake Superior Court sentenced him to thirty-seven years of incarceration.

The statute of limitations for habeas corpus cases is set forth in 28 U.S.C. § 2244(d), which provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has

> been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

On direct appeal, the Indiana Supreme Court denied Walton's petition to transfer on July 16, 2015. (DE # 7-3 at 4.) Therefore, his conviction became final for purposes of 28 U.S.C. § 2244(d)(1)(A) when the time for petitioning the Supreme Court of the United States for a writ of certiorari expired on October 14, 2015. *See* U.S. Sup. Ct. R. 13(1) (petition for writs of certiorari must filed within 90 days after entry of judgment); *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009) (when a state prisoner does not petition the Supreme Court of the United States on direct appeal, his conviction becomes final when the time for filing a petition expires). On June 13, 2016, two hundred and forty-three days later, Walton initiated post-conviction proceedings, which tolled the federal limitations period until May 24, 2018, when the Indiana Supreme Court denied his petition for transfer. (DE # 7-2 at 6; DE # 7-4 at 5.) The federal limitations period expired one hundred and twenty-two days later, on September 23, 2018. As a result, when Walton filed this habeas petition in November 2018, he was more than one month too late. Therefore, the court denies the habeas petition as untimely.

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of

appealability when a petition is dismissed on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that reasonable jurists would debate the correctness of this procedural ruling. Therefore, there is no basis for encouraging Walton to proceed further, and a certificate of appealability is denied.

    For these reasons, the court:

    (1) **DISMISSES** the habeas petition (DE # 2) because it is untimely;

    (2) **DENIES** Corey Walton a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

    (3) **DIRECTS** the Clerk to close this case.

                                    **SO ORDERED.**

Date: February 17, 2021

                                  s/James T. Moody
                                  JUDGE JAMES T. MOODY
                                  UNITED STATES DISTRICT COURT